IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CLIFTON WALKER, SR.**                                                                                   **PLAINTIFF**

v.                                                       CAUSE NO. 1:13CV331-LG-JCG

**CITY OF GULFPORT; GULFPORT POLICE
DEPARTMENT; ALAN WEATHERFORD,
PAUL RHODES, JARED FORE, M.S. GUYNES,
C. FORE, NICHOLAS OLDS, J.A. HAYES,
W. J. RIDDLE, D.J. CASTILLO, in their
official and individual capacities; and
UNKNOWN JOHN AND JANE DOES A-Z
in their official and individual capacities                                        DEFENDANTS**

**ORDER GRANTING SUMMARY JUDGMENT ON PLAINTIFF'S
REMAINING CLAIMS AND DISMISSING ACTION WITH PREJUDICE**

This matter comes before the Court, *sua sponte*, for consideration of dismissal of Plaintiff's remaining claims pursuant to Federal Rule of Civil Procedure 56.  On November 24, 2014, the Court entered its [120] Memorandum Opinion and Order, granting partial summary judgment to the individual Defendants and dismissing (1) Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against all individual Defendants in their individual capacities; (2) Plaintiff's claims brought pursuant to § 1983 claims against all individual Defendants in their official capacities, except the policy and custom claim against Defendant Alan Weatherford; and (3) Plaintiff's conspiracy claim brought pursuant to 42 U.S.C. § 1985(3) and the state law claims against all individual Defendants in any capacity.

Plaintiff's only remaining claims are (1) his § 1983 policy and custom claims against Defendant Alan Weatherford in his official capacity, the City of Gulfport,

and the Gulfport Police Department; (2) his § 1983 false arrest/imprisonment, defamation, and excessive force claims against the City and the Police Department; (3) his § 1985(3) conspiracy claim against the City and the Police Department; and (4) various state law claims against the City and the Police Department. As part of its Memorandum Opinion and Order, the Court ordered Plaintiff to show cause within fourteen (14) days, or on or before December 8, 2014, as to why these remaining claims should not be dismissed. Plaintiff has not complied with that Order or offered any legal authority to convince the Court that summary judgment should not be granted on his remaining claims. Accordingly, for the reasons discussed in its Memorandum Opinion and Order, the Court is of the opinion that Plaintiff's remaining claims should be dismissed.

## DISCUSSION

The facts underlying this action are set out in the Memorandum Opinion and Order, and are incorporated by reference herein. Pursuant to Federal Rule of Civil Procedure 56(f), the Court, "[a]fter giving notice and a reasonable time to respond[,]" may grant summary judgment *sua sponte*. *See also, e.g.*, *Nat'l Cas. Co. v. Kiva Const. & Eng'g, Inc.*, 496 F. App'x 446, 452 (5th Cir. 2012). Here, the Court gave Plaintiff a reasonable time to show cause as to why the Court should not grant summary judgment on his remaining claims, but Plaintiff failed to do so.[1] *See J.D.*

---

[1] After the close of business on December 8, Plaintiff's counsel filed a Motion for Extension of Time, asking for an additional two weeks to comply with the Court's Order. He claimed that he had been involved in several "high-profile" criminal trials since the beginning of December. However, he offered no

*Fields & Co. v. U.S. Steel Int'l, Inc.*, 426 F. App'x 271, 281 n.9 (5th Cir. 2011) (10 days is adequate notice).

Specifically, the Court finds that the § 1983 claims against Defendant Alan Weatherford in his official capacity, the City of Gulfport, and the Gulfport Police Department are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as previously stated.[2] (*See* Order 9-19, ECF No. 120); *Walter v. Horseshoe Entm't*, 483 F. App'x 884, 887 n.4 (5th Cir. 2012) ("The law is clear that *Heck* operates to protect employers sued for failure to train or supervise as well as liability for the wrongful acts of their agents.") (citing *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008)). The Court is also of the opinion that Plaintiff cannot state a conspiracy claim against the City and the Police Department under § 1985(3) because he cannot satisfy the "two or more persons" element of his *prima facie* case. (*See* Order 20-21, ECF No. 120); *Britt v. Jackson County*, No. 1:11-cv-00074-HSO-JMR, 2012 WL 2460534, at *8 (S.D. Miss. June 27, 2012) (finding summary judgment appropriate

---

explanation as to why he could not have filed a Response to the Court's Order, or at least the Motion for Extension, well before the date that the Response was due, but instead waited until the eleventh hour to request additional time. Accordingly, the Court exercised its discretion to deny the Motion. *See, e.g., McCarty v. Thaler*, 376 F. App'x 442, 443-44 (5th Cir. 2010) (discussing district court's discretion to grant or deny a motion for extension of time).

[2] Moreover, the Police Department does not enjoy a separate legal existence apart from the City. *See Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006); *Payne v. Dickerson*, No. 3:07CV3-P-D, 2008 WL 1724003, at *6 (N.D. Miss. Apr. 10, 2008). And, any policy and custom claim against Weatherford is redundant of the claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

on plaintiff's § 1985 conspiracy claim because a county "and its officials, agents, and employees constitute a single legal entity, which cannot conspire with itself"); *see also Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994) (*prima facie* conspiracy under § 1985(3) requires, *inter alia*, "a conspiracy involving two or more persons"). Finally, the Court finds that Plaintiff's state law claims against the City and the Police Department are time-barred for the same reasons that the Court found that those claims were time-barred against the individual Defendants. (*See* Order 21-24, ECF No. 120).

## CONCLUSION

There are no genuine issues of material fact with respect to Plaintiff's remaining claims, and, thus, those claims should be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's remaining claims in this action are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 10th day of December, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE